IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT ZMELIK, an individual of the Czech Republic, et al.,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>NEWAYS, INC., et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS LEAVE TO FILE AMENDED COMPLAINT, GRANTING DEFENDANTS' MOTION TO STRIKE, AND DENYING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:06-CV-136 TS |

　　This matter is before the Court for consideration of several interrelated motions. The procedural history is short but convoluted. Plaintiffs filed this action on February 14, 2006. On March 9, 2006, Defendants Neways, Neways USA, Neways Disc, and Neways Columbia (The Neways Defendants) filed a timely Answer and Counterclaim. However, on the same day that they filed their Answer they also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs did not initially file a response to the Motion to Dismiss. However, shortly after the Neways Defendants submitted a proposed order

1

dismissing the complaint, Plaintiffs filed their Answer to Defendants' Counterclaim[1] and also attempted to file their Amended Complaint and Jury Demand in Response to the Motion to Dismiss.[2]  Plaintiff's proposed Amended Complaint was treated as a lodged document because Plaintiffs had not obtained leave to file an amended complaint.[3]  The Neways Defendants subsequently filed a Memorandum styled as an Opposition to Plaintiff's Motion for Leave to File Amended Complaint,[4] but which actually addressed all of the pending motions.[5]

Plaintiffs seek leave to amend their Complaint and contend that they did not respond earlier because of a misunderstanding.[6]  Plaintiffs contend that the Amended Complaint responds to, and moots, the Motion to Dismiss. The Neways Defendants dispute the facts proffered by Plaintiffs regarding the alleged misunderstanding[7] and argue that the Motion to Dismiss is technically unopposed.  The Court notes the existence of this dispute for purposes of determining whether Plaintiffs should be granted leave to amend.

---

[1] Docket No. 17.

[2] Docket No. 19.

[3] *See* Docket No. 18 ("Notice to counsel to obtain leave of the court to file an amended complaint").

[4] Docket No. 24.

[5] Docket No. 24, at i and 1.

[6] The factual allegations of this further misunderstanding and the Neways Defendants' response to those factual allegations are set forth in two sealed documents.  *See* Docket No. 23 at 2-3 and Docket No. 26, at viii and ix.

[7] *Id.*

The Court now turns to the merits of the pending Motions.  Ordinarily, the defense of failure to state a claim upon which relief can be granted is raised by a motion to dismiss filed prior to filing any further pleading such as an answer.[8]  However, the defense of a failure to state a claim may also be raised "by a motion for judgment on the pleadings."[9]

When, as was the situation with the Neways Defendants, the defendant files its motion to dismiss for failure to state a claim under Rule 12(b)(6) after, or simultaneously with, filing their Answer, the motion should generally be treated as a motion for judgment on the pleadings.[10] However, "in keeping with the parties' designation, [the Court continues to] refer to the motion as a 12(b)(6) motion to dismiss."[11]  The Court applies the same standard to a motion for judgment on the pleadings that it applies to a Rule 12(b)(6) motion.[12]  In so doing, the Court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same. Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled

---

[8] Fed. R. Civ. P. 12(b) (A motion making any of these [12(b)] defenses shall be made before pleading if a further pleading is permitted.").

[9] Fed. R. Civ. P. 12(h)(2). The defense may also be raised in the answer or "at the trial on the merits." *Id*.

[10] *Jacobsen v. Deseret Book Co*. 287 F.3d 936, 941 (10th Cir. 2002) ("If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings) (citing Fed.R.Civ.P. 12(c), (h)(2)).

[11] *Id.*

[12] *Park University Enterprises, Inc. v. American Cas. Co. of Reading, PA,*  442 F.3d 1239, 1244 (10th Cir. 2006)

to judgment as a matter of law."[13]  As with "motions to dismiss under Rule 12(b)(6), documents attached to the pleadings are exhibits and are to be considered."[14]

Considering the Motion to Dismiss under this standard, the Court finds that the Motion attempts to rely on matters attached to the Neways Defendants' Memorandum in Support of their Motion[15] but which were not attached to the actual pleadings.[16]  The Court declines to consider those matters and will not convert the Motion to one for summary judgment at this early stage of this case.  The Court will deny the Motion to Dismiss because (1) the Neways Defendants attempt to rely on matters outside the pleadings, (2) the Court has declined to consider those extraneous matters, and (3) the Neways Defendants have not clearly established that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law.

As to leave to file an amended complaint, such leave to amend "shall be freely given when justice so requires."[17]  Tenth Circuit case law "establishes a limitation to this principle: the district court may dismiss without granting leave to amend when it would be futile to

---

[13] *Id*. (quoting *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

[14] *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir.1991) and Fed. R. Civ. P. 10(c)).

[15] *E.g.* Mem. In Support of Motion to Dismiss at vi, ¶ 3 (referring to Ex. 1 to Mem.) and ix, ¶ 22 (referring to Ex. 2 to Mem.).

[16] *See* Fed. R. Civ. P. 7(a) (listing allowed pleadings).

[17] Fed. R. Civ. P. 15(a).

allow the plaintiff an opportunity to amend his complaint."[18]

> Where a complaint fails to state a claim, and no amendment could cure the defect, a dismissal *sua sponte* may be appropriate. If such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice.[19]

The Neways Defendants argue that leave to amend should not be granted because of undue delay, dilatory motive, bad faith, and prejudice and because it would be futile.

The Court finds that Plaintiffs should be granted leave to amend the complaint. Plaintiffs attempted to amend their complaint early in this case, less than three months after filing their initial complaint. On the record before it, the Court does not find that there has been bad faith, undue delay, or that Plaintiffs acted with a dilatory motive. There is no evidence of undue prejudice to the Neways Defendants. Plaintiffs acted promptly to attempt to file their amended complaint and also filed an answer to the Plaintiffs' counterclaim. For the same reasons as it denied the Motion to Dismiss, the Court cannot find that such amendment would be futile.

It is therefore

ORDERED that the Neways Defendants' Motion to Strike Lodged Document (Docket No. 20) is GRANTED and the Lodged Document shall not be considered part of the record, however docket entry No. 19 shall remain unchanged. It is further

ORDERED that the Motion to Enter Order (Docket No. 20) filed by the Neways Defendants is DENIED AS MOOT. It is further

---

[18]*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[19]*Id.* (citing *Curley v. Perry,* 246 F.3d 1278, 1281-82 (10th Cir. 2001)).

ORDERED that the Neways Defendants' Motion to Dismiss (Docket No. 4) is DENIED.  It is further

ORDERED that Plaintiffs are granted leave to amend their Complaint and shall file any Amended Complaint within ten days of the entry of this order.

DATED  February 7, 2007.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge