IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT ZMELIK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEWAYS, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR TERMINATING SANCTIONS AND AWARD OF ATTORNEY FEES AND COSTS<br><br><br>Case No. 2:06-CV-136 TS |

Defendants move for terminating sanctions against Plaintiffs based upon Plaintiffs' failure to comply with the Magistrate Judge's March 24, 2008 Order to Compel.[1]

The Order to Compel provided that "Plaintiffs shall respond to the Neways Defendants' Interrogatories and Requests for Production of Documents by no later than 4:00 p.m. on March 17, 2008."[2] The Court finds that Plaintiffs have failed to comply with

---

[1]Docket No. 52.

[2]*Id.* at 2.

the Order to Compel and have also failed to respond to the present Motion for Terminating Sanctions.

When considering dismissal as a sanctions for a violation of a discovery order, the Court must apply the *Enrhenhaus*[3] factors.

> "Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: '(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'"[4]
>
> Dismissal with prejudice "represents an extreme sanction," and thus is considered appropriate only in cases involving "willfulness, bad faith, or [some] fault" on the part of the party to be sanctioned. "In many cases, a lesser sanction will deter the errant party from further misconduct." "Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort." [5]

On the current record it is clear that Plaintiffs have failed to obey a clear and lawful discovery order and have failed to provide a reason for such failure. However, at the present time the record provided by the movants is insufficient to impose terminating sanctions. There is no evidence on such matters as the degree of actual prejudice to the movants, the amount of interference with the judicial process (*e.g.* will trial be delayed or

---

[3]*Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (affirming dismissal of case as sanction for litigant's willful violation of order to appear for deposition).

[4]*The Procter & Gamble Co. v. Haugen* 427 F.3d 727, 738 (10th Cir. 2005) (quoting *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002) (quoting *Ehrenhaus*, 965 F.2d at 921)).

[5]*Id*. (quoting *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) and *Ehrenhaus*, 965 F.2d at 920).

become impossible absent Plaintiff's compliance); whether Plaintiffs have been warned in advance that dismissal of the action would be a likely sanction for their noncompliance; and the efficacy of lesser sanctions, if any, in the present case. But the record in this case is sufficient to warrant a warning to Plaintiffs that any further failure to comply with any Order issued in this case is a very serious matter and may result in imposition of severe sanctions including contempt proceedings and/or entry of judgment against them on all of their claims.

Although the record is not sufficient to impose terminating sanctions at this time, Fed. R. Civ. P. 37(b)(2) provides lesser sanctions are available when the Court finds a party failed "to obey an order to provide discovery under Rule 37(a)." Those lesser sanctions include "such orders in regard to the failure as are just . . . including orders that certain facts be taken as established or evidence excluded, that claims or defenses be unopposed or pleadings struck, that reasonable expenses caused by the recalcitrant party be paid, and that the party be held in contempt."[6]

The Court finds that an appropriate sanction for Plaintiffs' unexplained failure to comply with the Motion to Compel is the imposition of reasonable costs, including attorney fees, incurred in connection with the Motion to Compel and the present Motion, which the Court views as a continuation of the Motion to Compel. It is therefore

ORDERED that Neways Defendants' Motion for Terminating Sanctions (Docket No. 50) is DENIED insofar as it seeks terminating sanctions. It is further

---

[6] *Law v. National Collegiate Athletic Ass'n*, 134 F.3d 1438, 1441 (10th Cir. 1998) (quoting Rule 37(b)(2)).

3

ORDERED that Neways Defendants' Motion for Terminating Sanctions (Docket No. 50) is GRANTED in part and the Neways Defendants are awarded reasonable costs, including attorney fees, incurred in connection with the Motion to Compel and the present Motion.  It is further

ORDERED that Plaintiffs shall comply with the Magistrate Judge's March 24, 2008 Order to Compel no later than 5:00 p.m. on April 25, 2008.  It is further

ORDERED that Plaintiffs are warned that the failure to comply with this Order or any other order of this Court may result in imposition of severe sanctions including contempt proceedings and/or entry of judgment against them on all of their claims.

DATED   April 21, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge