IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT ZMELIK, et al.,<br><br>     Plaintiffs,<br><br><br><br><br>          vs.<br><br><br><br>NEWAYS, INC., et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' SECOND MOTION FOR TERMINATING SANCTIONS AND GRANTING JUDGMENT IN FAVOR OF DEFENDANTS ON ALL CLAIMS<br><br><br><br>Case No. 2:06-CV-136 TS |

Defendants move for terminating sanctions against Plaintiffs based upon Plaintiffs' failure to comply with the Magistrate Judge's March 24, 2008 Order to Compel,[1] and the Court's April 21, 2008 Order (April Sanctions Order),[2] compelling their compliance with the same.

---

[1]Docket No. 52.

[2]Docket No. 53, Memorandum Decision and Order on Defendants' Motion for Terminating Sanctions and Award of Attorney Fees and Costs.

1

In its April Sanctions Order, the Court found Plaintiffs failed to obey a clear and lawful discovery order; found the record insufficient to impose terminating sanctions at that time; imposed lesser sanctions of reasonable costs, including attorney fees; and warned Plaintiffs "that any further failure to comply with any Order issued in this case is a very serious matter and may result in imposition of severe sanctions, including contempt proceedings and/or entry of judgment against them on all of their claims."[3]  The Court also ordered that Plaintiffs "shall comply with the Magistrate Judge's March 24, 2008 Order to Compel no later than 5:00 p.m. on April 25, 2008."[4]

After entry of the April Sanctions Order, Plaintiffs' counsel moved to withdraw on the ground that Plaintiffs had terminated his representation.[5]  At the hearing on his Motion to Withdraw, Plaintiffs' counsel represented he had provided Plaintiffs with a copy of the order to produce documents.

Upon receiving Plaintiffs' former counsel's notice of the entry of the order allowing him to withdraw,[6] Plaintiffs had the obligation to timely "notify the clerk of the appointment of another attorney or [their] decision to appear pro se" as required by local rule.[7]  Plaintiffs have not complied.

---

[3]*Id*. at 3.

[4]*Id*. at 4.

[5]Docket No. 54.

[6]DUCivR 83-1.4(a)(1).

[7]DUCivR 83-1.4(b).

Defendants filed their Second Motion for Terminating Sanctions on the ground that Plaintiffs have disregarded and failed to comply with Orders of this Court, including the April Sanctions Order ordering them to comply with the earlier Order to Compel. The Motion and supporting memorandum were served on Plaintiffs by mail.[8]

The Court finds Plaintiffs have again failed to obey a clear and lawful order of the Court. Plaintiffs have offered no reason for the failure to obey. The April Sanctions Order is lawful and clear. The Court finds Plaintiffs' failure to obey the Orders is willful. Plaintiffs have simply decided not to comply with their obligations as litigants under the Federal Rules of Civil Procedure and the lawful and clear orders of this Court. This is especially egregious as Plaintiffs voluntarily chose to file this action in this district.

As the Court discussed in the April Sanctions Order, when considering dismissal as a sanction for a violation of a discovery order, the Court must apply the *Enrhenhaus*[9] factors.

> Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[10]

---

[8]Docket No. 60, at 4 (Certificate of Service); Docket No. 61, at 16 (same).

[9]*Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (affirming dismissal of case as sanction for litigant's willful violation of order to appear for deposition).

[10]*The Procter & Gamble Co. v. Haugen* 427 F.3d 727, 738 (10th Cir. 2005) (quoting *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002) (quoting *Ehrenhaus*, 965 F.2d at 921))(quotation marks omitted).

> Dismissal with prejudice represents an extreme sanction, and thus is considered appropriate only in cases involving willfulness, bad faith, or [some] fault on the part of the party to be sanctioned. In many cases, a lesser sanction will deter the errant party from further misconduct. Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort.[11]

The Court finds a high degree of actual prejudice to Defendants. They are unable to prepare for trial unless they receive the discovery. They have been forced to expend time and money on the motion to compel and two motions for terminating sanctions, all to no avail. Plaintiffs initiated this action against Defendants yet obstinately refuse to participate in its resolution on the merits. The Court finds a great degree of interference with the judicial process. It is not possible to proceed with civil litigation where the initiating party simply refuses to participate or to obey lawful orders of the court. The Court finds a high degree of culpability on Plaintiffs' part. As discussed above, their failure to comply is willful. In its April Sanctions Order, the Court warned Plaintiffs in advance in no uncertain terms that dismissal of the action would be a likely sanction for noncompliance. In its prior order, the Court imposed lesser sanctions of an award of attorney fees and costs, but imposition of such lesser sanctions proved to be ineffective to deter further misconduct.

Having considered the *Enrhenhaus* factors, the Court finds and concludes that while dismissal with prejudice is an extreme sanction, it is appropriate in this case. It is therefore

ORDERED that Defendants' Second Motion for Terminating Sanctions (Docket No. 61) is GRANTED. It is further

---

[11]*Id*. (quoting *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) and *Ehrenhaus*, 965 F.2d at 920) (quotation marks omitted).

ORDERED that attorney fees and costs incurred in connection with the two Motions for Terminating Sanctions are awarded to Defendants.  It is further

ORDERED that judgment shall be entered in favor of Defendants on all claims.  It is further

ORDERED that the Objections to Subpoenas (Docket No. 64) filed by non-parties Mower, Sisel International, LLC, SuperNaturals, LLC and Hill Johnson & Schmutz, are DENIED AS MOOT.

DATED   August 7th, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge